**Lakhvir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73990.
Agency No. A76–817–519.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2004.

Decided July 2, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Rena I. Curtis, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Bybee, Circuit Judge, filed dissenting opinion.

Before HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

BYBEE, Circuit Judge, dissenting.

## MEMORANDUM *

Lakhvir Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review adverse credibility determinations for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we grant the petition for review.

■ Singh's confusion over the date that a family photograph, in which Singh himself was not pictured, was taken, led the IJ to conclude that Singh's father was still alive in India at a time after Singh testified that his father had been "disappeared" by the police. This inference is not supported by the record. Because conjecture cannot substitute for substantial evidence, it cannot support the IJ's adverse credibility determination. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996).

■ Additionally, Singh initially testified that his birth certificate, which he provided, was the same one he had seen when in India. When it was pointed out that the registration date was after Singh was already in the United States, he explained that his mother must have lost the original and sent a copy. This is a minor discrepancy that does not go to the heart of Singh's asylum claim, and thus, cannot support an adverse credibility finding. *See Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003); *Wang v. Ashcroft*, 341

F.3d 1015, 1022 (9th Cir.2003). Similarly, the IJ's disbelief that Singh's mother could have gone to the same police station that had "disappeared" Singh's father and was looking for Singh, to obtain a copy of his birth certificate, is improper speculation. *See Lopez–Reyes*, 79 F.3d at 912.

Finally, the IJ pointed to minor inconsistencies in Singh's testimony regarding specific dates; these also cannot support an adverse credibility determination. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000).

Accordingly, we conclude that there is not substantial evidence in the record to support the IJ's determination that Singh's account lacked credibility and remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

BYBEE, Circuit Judge.

I respectfully dissent. Under the substantial evidence standard, we must reverse only if no reasonable factfinder could have reached the decision the IJ reached on the record in this case. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). A reasonable factfinder could have disbelieved Singh's testimony, as the IJ did here. In particular, a reasonable factfinder could have concluded that Singh's inconsistent testimony concerning the family photos Singh submitted raised doubts about his credibility. Based on the inconsistencies, a reasonable factfinder could question whether Singh's father was in fact alive after the date Singh claimed his father disappeared. This discrepancy would have gone to the heart of Singh's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

asylum claim because it calls into question whether Singh had a legitimate basis to fear persecution.

I would deny the petition for review.